UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIRST UNION RAIL CORPORATION<br>*Plaintiff,*<br><br>v.<br><br>MAINE CENTRAL RAILROAD COMPANY,<br><br>BOSTON AND MAINE CORPORATION,<br><br>PORTLAND TERMINAL RAILWAY COMPANY,<br><br>and<br><br>SPRINGFIELD TERMINAL RAILWAY COMPANY,<br>*Defendants* | C.A. #<br><br>03 12374 DPW<br><br>MAGISTRATE JUDGE Bowler<br><br>RECEIPT # 52008<br>AMOUNT $ 150 —<br>SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE 11-24-03 |

### Defendants' Notice of Removal

The defendants give notice to this Honorable Court of the removal of the above-entitled action from the Middlesex Superior Court, Lowell Division, Civil Action Number 03-03430, to this United States District Court, pursuant to 28 U.S.C., §1441(b). In support of the removal the defendant states the following:

#### Facts:

The plaintiff is in the business of leasing railcars for hire by others and is a Subscriber to the Interchange Rules of the Association of American Railroads (the "AAR Interchange Rules"). The defendants are affiliated interstate railroad companies that operate in Maine, New

Hampshire, Massachusetts, Vermont, Connecticut and New York. The defendants are subscribers to the Association of American Railroad's Code of Car Hire Rules (the "Code").

On August 18, 2003, plaintiff filed the attached action pertaining to the use, by one or more of the defendants, of the plaintiff's railroad cars pursuant to the Code in the Massachusetts Superior Court, County of Middlesex, Lowell Division, Civil Action Number 03-03430. The plaintiff did not require the defendants to answer the complaint until November 24, 2003.

### Jurisdiction:

The defendants assert that this Court has original jurisdiction pursuant to 28 U.S.C., §1331, as the matter arises under federal law, and that the matter is removable pursuant to 28 U.S.C. §1441(b).

The plaintiff's claim is that the defendants are in material breach of their obligations pursuant to the Code. The defendants contend that the plaintiff's claim of material breach pursuant to the Code is actually a question of federal law, namely, a question of the rulemaking of the Interstate Commerce Commission ("ICC"), rulemaking undertaken by the ICC under the grant of authority in 49 U.S.C. §11121 and §11122.

49 U.S.C. §11121 requires rail carriers to provide car services, stating that carriers must furnish "safe and adequate car service." This statute also grants the Surface Transportation Board ("STB")[1] the authority to review petitions from an "interested person" that seeks to provide car service to determine if the rail carrier is providing adequate car service and then directs the STB to intercede if the STB finds that the carrier is not providing adequate car service. 49 U.S.C. § 11121  49 U.S.C. §11122, subtitled "Compensation and Practice,"

---

[1] The Interstate Commerce Commission is the predecessor to the Surface Transportation Board. *See* Interstate Commerce Commission Termination Act of 1995, Pub. L. No. 104-88, § 102(a), 109 Stat. 803, 804.

explicitly grants the STB the authority to promulgate regulations governing car hire and effecting efficient use of freight cars, including: regulations addressing compensation to be paid for use of a rail car; the other terms of an arrangement for the use of a rail car not owned by a railroad; and sanctions for not observing the STB's rules. 49 U.S.C. §11122  These statutes create an obligation for railroads to provide car service to their customers, *a federal obligation*, and then authorize non-railroads to provide cars, subject to STB review, to relieve the railroads of this obligation.

The Code was promulgated by the American Association of Railroads and was submitted to the ICC as " ... a proposed solution to the ICC's car hire woes." Southern Pacific Transportation Company, et al. v. Interstate Commerce Commission, 69 F.3d 583, 585 (1995)  The effect of the Code was to allow parties to determine rates for certain cars - cars whose price was not set by the ICC - through bilateral negotiation between interested parties and to institute arbitration between parties for certain disputes. Id.

Pursuant to the obligations of 49 U.S.C. §11121 and the authority granted by 49 U.S.C. §11122, the ICC engaged in rulemaking that adopted a regulatory framework that recognized the value of the Code. Id.; See *Joint Petition for Rulemaking on Railroad Car Hire Compensation*, 9 ICC2d 1090, 1102 (1993) (*Reconsideration*)  The Code is merely a set of rules developed by the railroad industry within the jurisdiction of the STB's regulation of interstate commerce. Southern Pacific, 596 (Rogers, Circuit Judge, Dissenting) ("This subsection suggests that the Commission continues to regulate car-hire rates, as indeed the Commission has acknowledged in stating that we are not deregulating car hire compensation, but merely deprescribing it." (Internal quotations omitted))  Competition through bilateral negotiation as contemplated by the Code minimizes federal control but does not eliminate it altogether. Id.  Indeed, the STB regulations

reference the Code, but do not state that authority or regulation is deferred to the Code, the American Association of Railroads or any members thereof. See 49 C.F.R. §1033.1 The Code is an agreement, authorized by the STB, that addresses how parties will deal with each other within the context of the railroads' federal obligation to provide car service. *Joint Petition for Rulemaking on Railroad Car Hire Compensation*, 9 ICC2d 1090, 1102 (1993) (*Reconsideration*)

The STB was granted exclusive jurisdiction over the regulation of railroads. 49 U.S.C. §10501. "The jurisdiction of the [STB] over – transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange and other operating rules), practices, routes, services, and facilities of such carriers ... is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to the regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b)(1) See Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co., 215 F.3d 195, 205, C.A.1 (Me.), 2000. The defendants are aware of nothing in this part of the statute that creates a state law cause of action with regard to car service regulation. Pursuant to this exclusive jurisdiction, disputes relating to a railroad's federal obligation to provide railcars are federal questions.

The plaintiff's claim goes to the car hire regulations promulgated by the ICC pursuant to 49 U.S.C. §11121 and §11122, an arena that is the exclusive jurisdiction of the STB, and is thus a federal question.

### Venue:

The defendant asserts that this Court is the proper venue. The principal operating office of the railroads is located in North Billerica, Middlesex County, Massachusetts, and the underlying action was filed in state court in Lowell, Middlesex County, Massachusetts.

4

Therefore, the venue is proper.

                Respectfully Submitted,

                                            Robert B. Culliford (BBO #638468)
                                            Iron Horse Park
                                            North Billerica MA 01862
                                            Tel. 978-663-1029
                                            *Counsel for Defendants*
                                            *Maine Central Railroad Co.*
                                            *Boston and Maine Corporation*
                                            *Portland Terminal Railway Co.*
                                            *Springfield Terminal Railway Co.*

Dated: November 24, 2003

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each other party by mail on November 24, 2003.

Respectfully Submitted,

*[signature]*

Robert B. Culliford (BBO #638468)
Iron Horse Park
North Billerica MA 01862
Tel. 978-663-1029
*Counsel for Defendants*
*Maine Central Railroad Co.*
*Boston and Maine Corporation*
*Portland Terminal Railway Co.*
*Springfield Terminal Railway Co.*